UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK HALE DEJEAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-3241** |
| **BANK OF AMERICA, ET AL** | **SECTION: "S" (5)** |

### ORDER AND REASONS

The motion for partial summary judgment pursuant to Rule 56(c) by defendant Bank of American, N.A., is GRANTED.

### BACKGROUND

Plaintiff alleges damages resulting from Bank of America's communication of incorrect information relative to plaintiff's finances. Specifically, plaintiff alleges that Bank of America incorrectly attributed plaintiff's father's bankruptcy to plaintiff, and communicated that error to credit reporting agencies. As a result, plaintiff alleges that on April 9, 2005, his application for an MBNA credit card was denied; that on July 22, 2005, he was denied a favorable interest rate when trying to purchase a 2003 Chevrolet Cavalier; that he was denied credit to purchase a 2005 Chevrolet truck; and that he received a collection notice relative to his father's outstanding Bank of America account. On October 11, 2005, Bank of America determined that it had made an error, and issued a Universal Data Form to all four credit reporting agencies which indicated that plaintiff's Bank of

America's account was in good standing and current.

In May 2007, plaintiff filed suit. Plaintiff seeks compensatory damages, damages for emotional distress, punitive damages and attorney's fees. Plaintiff claims credit defamation under state tort law, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*.

Defendant moves for summary judgment, arguing that plaintiff's claim is limited to the period between May 7, 2005, and October 11, 2005, because of the FRCA's two year statute of limitations and that plaintiff's state tort claims are prescribed and/ot are preempted by the FRCA.

Plaintiff acknowledges the FRCA's two year statute of limitations, but disagrees that damages which occurred after the removal of the bankruptcy notation on October 11, 2005 are not recoverable.

## ANALYSIS

**1. Legal Standard**

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[2]

Although the court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate

---

[1] Fed.R.Civ.P. (56); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55 (1986).

[2] *Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

that a genuine issue exists for trial.³ The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue.*⁴* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial.⁵ If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for.⁶

**2. Motion for Partial Summary Judgment**

Defendant propounded discovery to plaintiff, asking him to produce any and all documentation to support his allegations of damages. Defendant states by affidavit that plaintiff did not produce any documentation to support his allegations of damages that he allegedly incurred after October 11, 2005. Defendant also states that plaintiff was served with a subpoena duces tecum prior to his deposition to produce any and all documentation to support his claim against Bank of America, and that the documentation produced by plaintiff did not support his claim for damages after October 11, 2005. Discovery is now complete and trial is scheduled for November 6, 2008.

In opposition to the motion, plaintiff argues that "it would be unreasonable to assume that upon October 11, 2005, Plaintiff's job loss problems and emotional and marital distress caused by BOA's conduct disappeared and everything was immediately cured and as it should have been prior

---

³*Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F.3d 532, 536 (5th Cir.1998).

⁴*Id*.

⁵*Anderson*, 477 U.S. at 248-49; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5ᵗʰ Cir. 1994)(*en banc)*.

⁶Fed. R. Civ. Proc. 56(c); *Celotex*, 477 U.S. at 322.

to the discovery of the reporting error in April of 2005."[7] Plaintiff's conclusional allegations and argument are insufficient to defeat a summary judgment challenge. Plaintiff produces no documents, affidavits, deposition excerpts or any other competent evidence to support his claim of damages after October 11, 2005.

The defendant has carried its burden of demonstrating that there is no genuine issue of fact which would preclude partial summary judgment. The motion for partial summary judgment is GRANTED, dismissing plaintiff's claims for damages which occurred after October 11, 2005.

New Orleans, Louisiana, this 28th day of October, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[7] *See* plaintiff's opposition at 4 (Doc. #141).